FILED IN CHAMBERS
U.S.D.C. - Atlanta

NOV 09 2017

James N. Hatten, Clerk
[signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FREDERICK T. ANDERSON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:13-CR-421-1-ODE-RGV |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:17-CV-1659-ODE-RGV |

## ORDER

This matter is currently before the Court on Frederick T. Anderson's objections [Doc. 71] to the Final Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard [Doc. 68], which recommends that Anderson's 28 U.S.C. § 2255 motion be denied. In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation

marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

A federal grand jury in the Northern District of Georgia returned a five-count indictment against Anderson and co-defendants David Starks and Deshawn Antoine Mackey, charging them in Count One with conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); in Count Two with an attempted Hobbs Act robbery of the business Duty Free America, Inc., in violation of § 1951(a); in Count Three with carjacking, in violation of 18 U.S.C. § 2119; in Count Four with an attempted Hobbs Act robbery of the business J&D Trucking, in violation of § 1951(a); and in Count Five with using and brandishing a firearm during and in relation to the

2

attempted robbery of J&D Trucking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Doc. 1]. Represented by Allison Cobham Dawson ("Dawson") of the Federal Public Defender Program, Inc., Anderson entered a negotiated guilty plea to Counts Three, Four, and Five. [Docs. 11; 34; 41]. At the sentencing hearing, the Court determined that Anderson's base offense level was 29 and his criminal history category was IV and that adding the 84-month mandatory consecutive sentence for Count Five resulted in a total guideline range of 205 to 235 months of imprisonment. [Doc. 58 at 30-31]. The Court imposed a total sentence of 235 months of imprisonment, the high end of the guideline range. [Id. at 45-46; Doc. 49].

Still represented by Dawson, Anderson appealed, arguing that: (1) the government breached the plea agreement; (2) the Court erred by failing to group Counts Three and Four pursuant to U.S.S.G. § 3D1.2; and (3) his sentence was procedurally and substantively unreasonable. Br. of Appellant at 2, 14-43 (Feb. 5, 2015), United States v. Anderson, 641 F. App'x 937 (11th Cir. 2016) (per curiam) (14-13979), 2015 WL 628924, at *2, 14-43. On February 3, 2016, the United States Court of Appeals for the Eleventh Circuit affirmed Anderson's convictions and sentence. Anderson, 641 F. App'x at 949.

3

Anderson timely filed this pro se § 2255 motion, arguing that: (1) the sentencing guidelines unconstitutionally require a mandatory minimum sentence even though no such minimum is statutorily required for Anderson's offenses; (2) the probation officer miscalculated his base offense level as 29, when it should have been 28; (3) his conviction for using and brandishing a firearm during a crime of violence (Count Five) should be vacated because his underlying conviction for attempted armed robbery (Count Four) is not a violent crime; (4) his constitutional rights were violated when the Court found that he "brandished" a firearm based on facts not admitted by him or submitted to the jury, in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013); (5) Count Five should be dismissed for failure to state an offense and for lack of subject matter jurisdiction because § 924(c) merely provides a penalty, not an independent offense, and life imprisonment is not a "valid statutory maximum"; (6) the Court erred in accepting Anderson's plea to Count Four when he refused to admit a key element, i.e., that he was part of a plan to aid and abet a robbery; and (7) he received ineffective assistance of counsel when counsel failed to raise the issues presented in grounds one through six in this Court or on direct appeal. [Doc. 62 at 3-25]. The government responds that grounds one through six are procedurally defaulted because Anderson failed to raise them on direct appeal and that ground

AO 72A
(Rev.8/82)

seven lacks merit. [Docs. 64; 66]. Anderson replies, arguing that his grounds for relief are not procedurally barred and further reasserting their merits. [Doc. 67].

The Magistrate Judge found that grounds one through six are procedurally defaulted and that ground seven lacks merit. [Doc. 68 at 6-20]. Notably, as to Anderson's claim that Dawson provided him ineffective assistance by not objecting when the probation officer erred in recalculating Anderson's base offense after the Court sustained an objection to an enhancement during the sentencing hearing, the Magistrate Judge determined that Dawson performed unreasonably by not alerting the Court to this error, but that Anderson had not met his burden to show that the error prejudiced him. [Id. at 13-15]. In his objections, Anderson reasserts the merits of each of his ineffective assistance of counsel claims and contends that, had counsel objected when the probation officer miscalculated Anderson's base offense level at sentencing, the Court would not have imposed a sentence above 221 months of imprisonment, i.e., the high end of the correct guideline range. [Doc. 71].

After careful consideration, the Court **SUSTAINS** Anderson's objection that Dawson's failure to alert the Court to the probation officer's miscalculation at sentencing resulted in prejudice. It is likely that, but for this error, the Court would not have imposed a sentence above the high end of the correct guideline range.

5

However, the Court finds that the Magistrate Judge's factual and legal conclusions with respect to Anderson's remaining grounds for relief were correct and that Anderson's objections as to those grounds have no merit.

Accordingly, the Court **ADOPTS, in part,** and **REJECTS, in part,** the R&R [Doc. 68]. Specifically, the Court **GRANTS, in part,** this § 2255 motion [Doc. 62] as to Anderson's claim that Dawson provided him ineffective assistance by failing to object to the probation officer's miscalculation of his base offense level at sentencing. The Court **DENIES** all of Anderson's remaining grounds for relief and **DECLINES** to issue a certificate of appealability as to those grounds. Anderson shall be resentenced. The date and time of resentencing shall be set by separate order.

**SO ORDERED**, this ___9___ day of November, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)